## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| DEVELOPERS SURETY AND<br>INDEMNITY COMPANY, etc.,<br><br>    Plaintiff,<br><br>v.<br><br>INDEPENDENT LIVING CENTER<br>BUILDING CO., INC., etc.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION  16-0430-WS-N<br>)<br>)<br>)<br>)<br>) |

### ORDER

This matter is before the Court on the motion of the plaintiff ("Developers") to dismiss the counterclaim filed by the defendant ("Center"). (Doc. 28).  Center has filed a response and Developers a reply, (Docs. 34, 36), and the motion is ripe for resolution.  After careful consideration, the Court concludes that the motion is due to be granted in part and denied in part.

### BACKGROUND

According to the counterclaim, (Doc. 13), Center entered a contract with counterclaim-defendant Renew & Maintenance Construction, Inc. ("Renew") to renovate a former church building purchased by Center.  Developers, as surety, issued a performance bond on behalf of Renew, as principal.  Center invoked the bond after Renew defaulted, but Developers has refused to honor its obligations under the bond.

The counterclaim presents seven counts.  Count I seeks declaratory relief against Developers, Count II asserts civil conspiracy against both Developers and Renew, and Count III alleges breach of contract against Developers.  Counts IV through VII assert claims against Renew for fraud, unjust enrichment, breach of

contract and conversion.  The instant motion seeks dismissal of the three counterclaims brought against Developers.

## I. Declaratory Relief.

Developers argues that Count I "assert[s] the same factual basis and seek[s] the same relief sought by" Count III.  (Doc. 28 at 1).  Developers concludes that Count I therefore should be dismissed as "improperly duplicative."  (*Id*. at 5).

The Court cannot accept Developers' premise.  While Count I seeks a declaration that Center's claim under the bond is valid (apparently for the same reasons as underlie the contract claim), it does not seek the same relief as Count III.  Count III seeks damages for lost profits, facilities expenses, loss of use, financing and funding, as well as costs and attorney's fees.  (Doc. 13 at 31).  Count I, in contrast, seeks a declaration that Developers "must assume its obligations" under the bond.  (*Id*. at 30).

The bond requires Developers to "take one of the following actions:"  (1) arrange for Renew to perform the contract; (2) perform the contract through its own contractors; (3) obtain a replacement contractor under contract with Center; or (4) "determine the amount for which it may be liable to the Owner and … make payment to the Owner."  (Doc. 13 at 23-24).  Developers argues that, since it has the option to meet its obligations under the bond by making a payment to Center, performing its obligations under the bond is "the same" relief as the damages sought for breach of contract.  (Doc. 36 at 3, 5).

There are at least two fatal problems with Developers' argument.  First, Developers has not disavowed all – or any – of the first three options for satisfying its obligations under the bond but merely pointed out that it *could* choose the fourth option.  (Doc. 36 at 5).  This means that, at least at this point in the litigation, Center's success on Count I could result in Developers completing the work.

Second, Developers has failed to show that the damages sought under Count III are identical to "the amount for which it may be liable" for purposes of the fourth option under the bond.  Most obviously, the damages sought under Count III appear not to include the cost of completing the work abandoned by Renew, while any payment under the bond presumably would have to include Center's cost of completing the work.  As Center states, relief under Count I would result in the project being completed, while relief under Count III would make Center whole for damages suffered because the work has not been completed.  (Doc. 34 at 5).  Developers elected in its reply brief not to respond to this argument, instead dismissing it (inaccurately) as a "red herring."  Developers' silence leaves Center in possession of the field.

## II.  Civil Conspiracy.

Center consents to the dismissal of this claim without prejudice.  (Doc. 34 at 1).  Developers offers no opposition to this resolution.

## III.  Shotgun Pleading.

The counterclaim begins with approximately 90 factual paragraphs.  Counts I-III then each begin by "re-alleg[ing] all of the allegations contained in the preceding paragraphs as if fully re-stated herein."  Based on this language, Developers characterizes the counterclaim as a shotgun pleading and concludes that this nomenclature compels dismissal with leave to amend.  (Doc. 28 at 7-9).

"The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."  *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).  The counterclaim

employs incorporation by reference and hence meets this technical definition of a shotgun complaint.[1]

But repleader is not required simply because a pleading's counts incorporate earlier paragraphs; instead, the pleading must be "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Certainly a shotgun complaint can sometimes trigger relief under Rule 12(e), but Developers has not shown that remedy to be justified here. On the contrary, Developers acknowledges that incorporation by reference is objectionable only when the practice renders it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." (Doc. 28 at 8 (internal quotes omitted)). *Accord Anderson v. District Board of Trustees*, 77 F.3d 364, 366 (11th Cir. 1996); *FNB Bank v. Park National Corp.*, 2013 WL 1748796 at *6 (S.D. Ala. 2013). As discussed below, that standard is not remotely approached here.

The specific problems Developers identifies are that Counts I-III incorporate by reference material relevant only to Center's claims against Renew and that allegations relevant to the earlier counts are not relevant to the later counts. (Doc. 28 at 7). The Court can find no actual or even possible confusion. Developers admits that the factual allegations of fraud by Renew are carefully confined to specific numbered paragraphs (which are grouped under specific headings explicitly identifying their subject matter as Renew's fraud), and Developers further admits its awareness that these allegations "relate solely to [Center's] counts directly against [Renew]." (Doc. 36 at 6). The factual allegations regarding Renew's failure to perform are patently relevant to Counts I and III, because the activation of Developers' obligations under the bond, and its breach of those obligations, depend on Renew's breach of its contract with Center.

---

[1] The Eleventh Circuit recognizes at least four types of shotgun complaints. *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). Developers invokes only the first of these varieties.

Likewise, because Counts I and III both depend on a breach of Developers' obligations triggered by a breach of Renew's obligations, the factual allegations of Count I are relevant to Count III.  Developers identifies not a single factual allegation that is not.  Nor does Developers identify any uncertainty as to which factual allegations are relevant to Count II.[2]

In its reply brief, Developers suggests that Center's voluntary dismissal of Count II renders the counterclaim a shotgun complaint because allegations relevant only to civil conspiracy remain even though the claim itself does not. (Doc. 36 at 6-7).  An acceptably clear pleading does not become an unacceptably vague shotgun pleading simply because counts are dismissed, and repleader is not required to eliminate allegations that have become irrelevant due to post-filing events.  Developers identifies no authority to the contrary.

## CONCLUSION

For the reasons set forth above, Developers' motion to dismiss is **granted** with respect to Count II and is in all other respects **denied**.  Count II is **dismissed without prejudice**.[3]

DONE and ORDERED this 14th day of November, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] This is presumably for the very good reason that those allegations are collected under the heading, "DSIC Conspiracy & the Amended Rinkus Report."  (Doc. 13 at 25).

[3] Developers requests an award of attorney's fees and costs "incurred in connection with its defense of the Counterclaim."  (Doc. 28 at 9).  Developers offers no legal theory supporting such a remarkable request.  Even if the Court had discretion to provide such relief, it would decline to do so.  The request, construed as a motion for such relief, is **denied**.